OSWALD B. COUSINS, Bar No. 172239
LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
Telephone: 415.433.1940

Attorneys for Defendant
SEARS HOLDINGS CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHNNY HENDERSON,<br><br>    Plaintiff,<br><br>    v.<br><br>SEARS HOLDINGS CORPORATION an Illinois corporation; and DOES 1 through 20 inclusive,<br><br>    Defendant. | Case No. C 11 03191 MEJ<br><br>**DEFENDANT SEARS HOLDINGS CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** |

Defendant Sears Holdings ("Defendant"), by and through its attorneys, hereby answer the Complaint of Plaintiff Johnny Henderson ("Plaintiff") filed in the above-referenced action.

**PARTIES**

1. Answering paragraph 1 of the Complaint, Defendant admits that Plaintiff's employment was terminated on or around April 14th or 15th, 2009. Defendant admits all other allegations contained in that paragraph.

2. Answering paragraph 2 of the Complaint, Defendant denies that it is an Illinois corporation and admits the remaining allegations contained in that paragraph, except to the extent Plaintiff is alleging that Defendant is a citizen of California for purposes of jurisdiction. Defendant denies that it is a citizen of California.

3. Answering paragraph 3 of the Complaint, Defendant is without knowledge or belief as to the allegations contained in said paragraph, and on that basis denies all of the allegations

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)
1.

contained therein.

4. Answering paragraph 4 of the Complaint, Defendant is without knowledge or belief as to the allegations contained in said paragraph, and on that basis denies all of the allegations contained therein.

5. Answering paragraph 5 of the Complaint, Defendant denies all of the allegations contained therein.

## COMMON ALLEGATIONS OF FACT

6. Answering paragraph 6 of the Complaint, Defendant admits the allegations contained therein.

7. Answering paragraph 7 of the Complaint, Defendant is without knowledge or belief as to whether Henderson worked at an auto body and light mechanical repair shop in Ohio and had worked on automobiles his entire life and, on that basis, denies that allegation. Defendant also denies all other allegations in paragraph 7.

8. Answering paragraph 8 of the Complaint, Defendant admits that there is a Sears Automotive Center in San Rafael California (the "Automotive Center"), which operates a repair shop and an auto retail store. Defendant denies all other allegations in this paragraph.

9. Answering paragraph 9 of the Complaint, Defendant admits that the Automotive Center can perform a variety of services and repairs, including tire installation, wheel alignment, brake and shock replacement and light mechanical work. Defendant denies any other allegations in this paragraph.

10. Answering paragraph 10 of the Complaint, Defendant admits that the Automotive Center sells a variety of items, including tires, rims, shocks, batteries, windshield wipers, and motor oil. Defendant denies all other allegations in this paragraph.

11. Answering paragraph 11 of the Complaint, Defendant admits that paperwork generated at the Automotive Center includes work orders, estimates, and receipts. Defendant denies all other allegations in this paragraph.

12. Answering paragraph 12 of the Complaint, Defendant is without knowledge or belief at this time as to the allegations contained in said paragraph, and on that basis denies all of

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)    2.

the allegations contained therein.

13. Answering paragraph 13 of the Complaint, Defendant is without knowledge or belief at this time as to the allegations contained in said paragraph, and on that basis denies all of the allegations contained therein.

14. Answering paragraph 14 of the Complaint, Defendant is without knowledge or belief at this time as to the allegations contained in said paragraph, and on that basis denies all of the allegations contained therein.

15. Answering paragraph 15 of the Complaint, Defendant is without knowledge or belief at this time as to the allegations contained in said paragraph, and on that basis denies all of the allegations contained therein.

16. Answering paragraph 16 of the Complaint, Defendant is without knowledge or belief at this time as to the allegations contained in said paragraph, and on that basis denies all of the allegations contained therein.

17. Answering paragraph 17 of the Complaint, Defendant is without knowledge or belief at this time as to the allegations contained in said paragraph, and on that basis denies all of the allegations contained therein.

18. Answering paragraph 18 of the Complaint, Defendant admits that on Thursday, March 26, 2009, a customer attempted to return a battery using a work order that Plaintiff had given them. Defendant admits that the customer was not given any money, but clarifies that he was given a new, working replacement battery. Defendant denies all of remaining allegations in paragraph 18.

19. Answering paragraph 19 of the Complaint, Defendant admits that a Loss Prevention Manager named David Steffen subsequently interviewed Plaintiff about the work order. Defendant is without knowledge or belief at this time as to the remaining allegations contained in said paragraph, and on that basis denies all remaining allegations contained therein.

20. Answering paragraph 20 of the Complaint, Defendant admits that on April 4, 2009, Plaintiff was suspended for at least a week. Defendant is without knowledge or belief at this time as to the remaining allegations contained in said paragraph, and on that basis denies all

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)     3.

remaining allegations contained therein.

21. Answering paragraph 21 of the Complaint, Defendant admits that Henderson's employment at the Automotive Center was terminated for lack of integrity on or around April 14th, 2009 and that he was given his final paycheck. Defendant denies all remaining allegations in paragraph 21.

22. Answering paragraph 22 of the Complaint, Defendant denies all allegations in that paragraph.

23. Answering paragraph 23 of the Complaint, Defendant is without knowledge or belief at this time as to the remaining allegations contained in said paragraph, and on that basis denies all remaining allegations contained therein.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

24. Answering paragraph 24 of the Complaint, Defendant admits all allegations in that paragraph, but denies that Plaintiff has exhausted his administrative remedies.

25. Answering paragraph 25 of the Complaint, Defendant admits all allegations in that paragraph, but denies that Plaintiff has exhausted his administrative remedies.

## FIRST CAUSE OF ACTION: RACE DISCRIMINATION

26. Paragraph 26 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. In answer to this paragraph, Defendant hereby incorporates by reference, as though full set forth, its responses as stated above to each of the paragraphs Plaintiff incorporates by reference.

27. Answering paragraph 27 of the Complaint, Defendant admits that Plaintiff was an employee as defined by California Government Code §12900, *et seq*. and denies all remaining allegations in this paragraph.

28. Answering paragraph 28 of the Complaint, Defendant admits that the FEHA prohibits racial discrimination and harassment by employers in California. Defendant denies all other allegations in that paragraph.

29. Answering paragraph 29 of the Complaint, Defendant denies all allegations in that paragraph.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)      4.

30. Answering paragraph 30 of the Complaint, Defendant denies all allegations in that paragraph.

31. Answering paragraph 31 of the Complaint, Defendant denies all allegations in that paragraph.

32. Answering paragraph 32 of the Complaint, Defendant denies all allegations in that paragraph.

33. Answering paragraph 33 of the Complaint, Defendant denies all allegations in that paragraph.

34. Paragraph 34 of the Complaint is a prayer for judgment. Defendant is not required to admit or deny anything in this paragraph.

**SECOND CAUSE OF ACTION: RACE HARASSMENT**

35. Paragraph 35 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. In answer to this paragraph, Defendant hereby incorporates by reference, as though full set forth, its responses as stated above to each of the paragraphs Plaintiff incorporates by reference.

36. Answering paragraph 36 of the Complaint, Defendant admits that Plaintiff was an employee as defined by the FEHA and that the FEHA prohibits racial discrimination and harassment by employers in California. Defendant denies all remaining allegations in that paragraph.

37. Answering paragraph 37 of the Complaint, Defendant denies all allegations in that paragraph.

38. Answering paragraph 38 of the Complaint, Defendant denies all allegations in that paragraph.

39. Answering paragraph 39 of the Complaint, Defendant denies all allegations in that paragraph.

40. Answering paragraph 40 of the Complaint, Defendant denies all allegations in that paragraph.

41. Answering paragraph 41 of the Complaint, Defendant denies all allegations in

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)

5.

that paragraph.

## THIRD CAUSE OF ACTION: FAILURE TO PREVENT DISCRIMINATION

42. Paragraph 42 of the Complaint simply incorporates by reference prior paragraphs of the Complaint. In answer to this paragraph, Defendant hereby incorporates by reference, as though full set forth, its responses as stated above to each of the paragraphs Plaintiff incorporates by reference.

43. Answering paragraph 43 of the Complaint, Defendant admits that the FEHA prohibits racial discrimination and harassment by employers in California. Defendant denies all remaining allegations in that paragraph.

44. Answering paragraph 44 of the Complaint, Defendant denies all allegations in that paragraph.

45. Answering paragraph 45 of the Complaint, Defendant denies all allegations in that paragraph.

46. Answering paragraph 46 of the Complaint, Defendant denies all allegations in that paragraph.

## FOURTH CAUSE OF ACTION: BUS. & PROF. CODE §17200

47. Paragraph 47 of the Complaint simply incorporates by reference paragraphs 1 through 25 of the Complaint. In answer to this paragraph, Defendant hereby incorporates by reference its responses to the corresponding paragraphs.

48. Answering paragraph 48 of the Complaint, Defendant denies all allegations in that paragraph.

49. Answering paragraph 49 of the Complaint, Defendant denies all allegations in that paragraph.

50. Answering paragraph 50 of the Complaint, Defendant denies all allegations in that paragraph.

51. Answering paragraph 51 of the Complaint, Defendant denies all allegations in that paragraph.

52. Answering paragraph 52 of the Complaint, Defendant denies all allegations in

A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)

6.

that paragraph.

53. Answering paragraph 53 of the Complaint, Defendant denies all allegations in that paragraph.

54. Answering paragraph 54 of the Complaint, Defendant denies all allegations in that paragraph.

### FIFTH CAUSE OF ACTION: CAL. CIV. CODE §51.7

55. Paragraph 55 of the Complaint simply incorporates by reference paragraphs 1 through 25 of the Complaint. In answer to this paragraph, Defendant hereby incorporates by reference its responses to the corresponding paragraphs.

56. Paragraph 56 of the Complaint purports to state the law. Defendant does not admit or deny whether it is an accurate statement of law, but does deny that it has any applicability to this matter.

57. Answering paragraph 57 of the Complaint, Defendant denies all allegations in that paragraph.

58. Answering paragraph 58 of the Complaint, Defendant denies all allegations in that paragraph.

59. Answering paragraph 59 of the Complaint, Defendant denies all allegations in that paragraph.

60. Answering paragraph 60 of the Complaint, Defendant denies all allegations in that paragraph.

61. Answering paragraph 61 of the Complaint, Defendant denies all allegations in that paragraph.

62. Answering paragraph 62 of the Complaint, Defendant denies all allegations in that paragraph.

63. With respect to Plaintiff's Prayer for Relief and the paragraphs contained therein, Defendant denies that Plaintiff is entitled to any relief in this matter.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)          7.

**AFFIRMATIVE DEFENSES**

Without waiving or excusing Plaintiff's burden of proof, or admitting that Defendant has any burden of proof, as separate and distinct affirmative defenses to Plaintiff's Complaint on file herein, Defendant alleges as follows:

1. With respect to some or all of his causes of action, the Plaintiff has failed to state a claim upon which relief can be granted.

2. The Complaint, and each cause of action set forth therein, is barred by the equitable doctrines of unclean hands, waiver, estoppel, and laches.

3. The Complaint, and each cause of action set forth therein, cannot be maintained against Defendant because Plaintiff's claims are barred by the statute of limitations as set forth in California Government Code section 12960, California Code of Civil Procedure sections 335.1, 337, 338, 339 and 340(c), and any other applicable statutes of limitation.

4. The Complaint, and each cause of action set forth therein, cannot be maintained against Defendant because after-acquired evidence bars any remedy or certain remedies in this action.

5. The Complaint, and each cause of action set forth therein, is barred, in whole or in part, by the doctrine of consent.

6. The Complaint, and each cause of action set forth therein, cannot be maintained against Defendant because Plaintiff failed to properly exhaust his administrative remedies, the exhaustion of which is a condition precedent to the maintenance of his causes of action.

7. The Complaint, and each cause of action set forth therein, is barred in whole or in part to the extent that they exceed the scope of the charges made by Plaintiff before the California Department of Fair Employment and Housing and/or the Equal Employment Opportunity Commission.

8. The Complaint, and each cause of action set forth therein, cannot be maintained because, without admitting that it engaged in any of the acts alleged, Defendant alleges that any conduct and/or statements attributed to it by Plaintiff was privileged.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)

8.

9. Plaintiff's exclusive remedy for his alleged physical, mental and/or emotional injuries, including claims for emotional distress injury, to the extent such injuries are alleged to have arisen out of the parties' employment relationship, is under California Workers' Compensation Act, Labor Code section 3600, *et seq.*, and this Court is divested of jurisdiction inasmuch as an employer/employee relationship existed subject to workers' compensation coverage, Defendant provided workers' compensation insurance at no cost to Plaintiff, and Plaintiff acted within the course and scope of her employment, and the alleged injury, if any injury exists, was proximately caused by the employment.

10. Without admitting any liability whatsoever, Defendant asserts that Plaintiff failed to mitigate his damages, if any.

11. An award to Plaintiff, if any, must be offset by all sums received by Plaintiff from any source, including, but not limited to, unemployment insurance, private insurance, state disability insurance, Social Security disability payments, workers' compensation payments, pension benefits, and any sums earned by Plaintiff in other employment.

**PRAYER**

WHEREFORE, Defendant prays as follows:

1. That Plaintiff take nothing by his Complaint;
2. That Plaintiff's Complaint be dismissed in its entirety with prejudice, with judgment entered against Plaintiff and in favor of Defendant on Plaintiff's claims;
3. That Plaintiff be ordered to pay Defendant's fees and costs of suit incurred herein;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
650 California Street
20th Floor
San Francisco, CA 94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)

9.

4. For such further relief as the Court deems just and proper.

Dated: July 8, 2011

                                              */s/ Oswald B. Cousins*
OSWALD B. COUSINS
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendant
SEARS HOLDING CORPORATION

Firmwide:102597420.1 016144.1315

LITTLER MENDELSON
A Professional Corporation
650 California Street
20th Floor
San Francisco, CA  94108.2693
415.433.1940

SEARS' ANSWER TO COMPLAINT
(NO. C 11 03191 MEJ)    10.